## In re Keith D. OLSON and Robin L. Olson, Debtors.

### State of Rhode Island Office of General Treasurer, Plaintiff,

v.

### Keith D. Olson, Defendant.

**Bankruptcy No. 00–10236.**
**Adversary No. 00–1053.**

United States Bankruptcy Court, D. Rhode Island.

March 26, 2001.

Robert A. D'Amico, D'Amico & Burchfield, Providence, RI, for Debtors.

Alton W. Wiley, Office of the General Treasurer, Providence, RI, for Plaintiff.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on December 5, 2000, on Cross Motions for Summary Judgment. At issue is whether a debt under the Rhode Island Criminal Injuries Compensation Act of 1972 ("CIC") should be determined to be nondischargeable in the criminal defendant's bankruptcy case. We find in this instance, any such debt is discharged.

On October 31, 1994, Keith Olson plead *nolo contendere* to the charge of domestic assault and battery against Lori Daubs, was sentenced, and paid the victim in accordance with the state court restitution order. Under CIC, as the victim of a crime, Lori Daubs may also apply to the State for compensation, and the State may pay such compensation if it has the funds on deposit. Ms. Daubs made application to the State for compensation under the CIC, the State granted her request and awarded her a judgment of $5,964.75. After making such an award, the State is required to seek recovery of the compensation paid to the victim from the convicted offender "whenever possible." *See* R.I.Gen.Laws § 12–25–26(a). That is what the State is seeking in this adversary proceeding.

At the hearing, however, the State conceded it has paid nothing to the victim, as

there are no funds in its victim compensation account, and does not know when it will make such payment. Because the State has not paid the victim anything to date, it has no present claim against the Debtor, Keith Olson.

Additionally, even if it had such a claim, the State does not stand in the victim's shoes to pursue a claim for wilful and malicious injury under § 523(a)(6). *See* R.I.Gen.Laws § 12–25–26(c) ("An order for the payment of compensation under this chapter shall not affect the right of any person to recover damages from any other person by a civil action for the injury or death") That claim belongs to Ms. Daubs and, for whatever reason, she has chosen neither to pursue said claim, nor has she assigned the claim/action to anyone. Accordingly, any debt owing to the State of Rhode Island by virtue of the instant Complaint is discharged.

Enter Judgment for the Defendant.